UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    ) Case No. 05-20025-C-7
                                         )
CLARE F. PRICE,                          ) MC No. RSS-1
                                         )
           Debtors.                      )
_____)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION FOR RELIEF FROM AUTOMATIC STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

#### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

#### Findings of Fact

Debtor filed this voluntary chapter 7 petition on January 3, 2005. She scheduled real property commonly known as 5681 Connie Lane, Shingle Springs, CA ("the property") as property of the estate. The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtor. Debtor received a discharge on April 5, 2005.

On April 4, 2005, The CIT Group/Consumer Finance Inc. ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to

foreclose upon the property. The motion, notice, and declaration were properly served and a final hearing thereon was set for April 19, 2005. Movant's motion requested attorneys' fees and costs.

The record establishes that the value of the property is approximately $525,000. Movant holds a mortgage on the property in excess of $403,000. An additional lien in the approximate amount of $104,000 encumbers the property. Debtor has equity in the property in excess of $22,000. Debtor claimed exempt $15,257.

On April 19, 2005, the court continued the instant motion to April 26, 2005. After a hearing on April 26, the court concluded that it would resolve the relief from stay motion as submitted and further continue the requests for attorneys' fees and costs.

### Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u> and of acts against property other than property of the estate will terminate when an individual in a case under chapter 7 is granted a discharge. 11 U.S.C. § 362(c)(2)(C).

Because debtor has equity in the property in excess of $22,000, the motion will be denied as to debtor.

Although the chapter 7 trustee filed an asset report, the trustee failed to file any opposition to the motion. Therefore, the motion will be granted as to the trustee.

Additionally, the court will continue the hearing on movant's request for attorneys' fees and costs to June 7, 2005. Any party wishing to supplement the record may do so before May

```
 1  31, 2005.
 2       An appropriate order will issue.
 3       Dated: April 26, 2005
 4
 5                                    _____
 6                                    UNITED STATES BANKRUPTCY JUDGE
```

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Clare Price
4751 Trotter Lane
Shingle Springs, CA 95682

Denise Olrich
809 Petaluma Boulevard N
Petaluma, CA 94952

Thomas Aceituno
P.O. Box 189
Folsom, CA 95763-189

The CIT Group/Consumer Finance, Inc.
C/o Law Office of Richard Stone
2250 Commerce Avenue, Suite D
Concord, CA 94520

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 5/2/05

_____
Deputy Clerk
BARBARA REYNOLDS